UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY HILLMAN, as Personal
Representative of the Estate of Larey Bert
Cole, Sr., Deceased,

       Plaintiff,

v.

KAY RUSSELL, formerly known as KAY
COLE, and METROPOLITAN LIFE
INSURANCE COMPANY,

       Defendants.
_____/

File No. 1:07-CV-1197

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION ORDER

This matter is before the Court on Plaintiff Kimberly Hillman's motion for entry of default judgment against Defendant Kay Russell. (Dkt. No. 8.) Plaintiff filed this lawsuit in Calhoun County Circuit Court on October 22, 2007, against Defendants Kay Russell and Metropolitan Life Insurance Company ("Metropolitan Life"). Plaintiff requested entry of default against Defendant Russell on November 27, 2007. (Dkt. No. 11, State Ct. File, Att. 5, Default Req.) On November 28, 2007, Defendant Metropolitan Life removed this matter to federal court. (Dkt. No. 1, Notice of Removal.)

Plaintiff moves for default judgment based on the default that was purportedly entered in Calhoun County Circuit Court on November 27, 2007. Default under Federal Rule of Civil Procedure 55 requires two steps: the entry of the default and the subsequent

entry of a default judgment. Fed. R. Civ. P. 55; James Wm. Moore et al., *Moore's Federal Practice* § 55.10[1] (3d ed. 2007). "'When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Munsey v. Testworth Laboratories, Inc.*, 227 F.2d 902, 903 (6th Cir. 1955) (quoting *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)). *See also Zolman v. United States,* 170 F. Supp. 2d 746, 751 (W.D. Mich. 2001). Thus, entry of default in state court prior to removal to federal court would complete the first step of the default process.

The Court has reviewed the state court "Default Request" document that Plaintiff contends indicates that default was entered in Calhoun County Circuit Court prior to removal to federal court. The "Default Request" document is divided into three sections: Request and Affidavit, Default Entry, and Certificate of Mailing. (Default Req.) The Request and Affidavit section is completed by the party seeking entry of default. The Default Entry section provides a line for the court clerk to sign indicating the default of the party named at the beginning of the document. The Certificate of Mailing provides a space for proof that the default was served on the appropriate parties. The Request and Affidavit and the Default Entry section were both completed on November 27, 2007; however, the Certificate of Mailing section was not completed. (*Id.*)

Michigan Court Rule 2.603(A) provides the process for Michigan courts to enter default. As part of that process Rule 2.603(A)(2) requires that the default must be sent to all parties who have appeared and to the defaulted party. MCR 2.603(A)(2). A separate

Proof of Mailing document was filed with the Calhoun County Circuit Court on December 6, 2007. (State Ct. File, Att. 7, Proof of Mailing.) The notice of removal was filed with the Calhoun County Circuit Court on December 3, 2007. (State Ct. File, Att. 6, Notice of Filing Removal to the Fed. Dist. Ct. 1.) The filing of the notice of removal with the state court divested the state court of jurisdiction. 28 U.S.C. § 1446(d); *Lawrence v. Chancery Ct.*, 188 F.3d 687, 692-93 (6th Cir. 1999). The separate Proof of Mailing document was not filed with the state court until after the notice of removal had been filed with the state court; therefore, the state court had been divested of jurisdiction before the process of entering default prescribed by Michigan Court Rule 2.603(A) had been completed. As default has not been entered against Defendant Russell the Court cannot properly consider Plaintiff's motion for a default judgment against Defendant Russell.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default judgment against Defendant Kay Russell (Dkt. No. 8) is **DENIED WITHOUT PREJUDICE**.


Date:   February 12, 2008         /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE