UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KIMBERLY HILLMAN, as Personal Representative of the Estate of Larey Bert Cole, Sr., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:07-cv-1197 |
| v. | ) ) | Honorable Janet T. Neff |
| KAY RUSSELL, et al., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) ) | |

Kimberly Hillman, as Personal Representative of the Estate of Larey Bert Cole, Sr., has sued the decedent's former wife, Kay Russell, and Metropolitan Life Insurance Company to procure for the estate the proceeds of a group life insurance policy on the life of the decedent. Pursuant to a judgment of divorce entered in the Calhoun County Circuit Court on March 9, 1987 (case no. D86-2008 DO), all rights of the decedent to any policy of life insurance were to be payable to the decedent's estate. At the time of the decedent's death, however, defendant Kay Russell, his former wife, was still designated in the records of defendant Metropolitan Life Insurance Company as the beneficiary of the life insurance proceeds. The life insurance policy was issued to insure benefits under an employee welfare benefit plan and therefore is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* The default of defendant Kay Russell has heretofore been entered for failure to respond to the complaint, and the only remaining controversy involves the obligations of defendant Metropolitan Life under ERISA.

The provisions of ERISA preempt all state laws which "relate to" an ERISA plan. 29 U.S.C. § 1144(a).  The plan administrator, in the present case Metropolitan Life, is required by ERISA to discharge its duties "in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D).  It is well settled in the Sixth Circuit that a plan administrator must pay the named beneficiary of an ERISA plan, regardless of the contrary provisions of a divorce decree.  *See Central States SE & SW Areas Pension Fund v. Howell*, 227 F.3d 672, 677 (6th Cir. 2000) ("[T]he law of this circuit is clear -- the beneficiary card controls whom the plan administrator must pay."); *McMillan v. Parrott*, 913 F.2d 310, 311-12 (1990).  In this case, it is undisputed that the designation of beneficiary card on file with Metropolitan Life designates defendant Kay Russell as the beneficiary of the proceeds of the decedent's life insurance policy.  Consequently, Metropolitan Life's clear duty under ERISA is to pay the policy proceeds to defendant Kay Russell.

The Sixth Circuit has also held that, once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits pursuant to state law.  *Central States*, 227 F.3d at 678-79.  In the present case, Michigan law does support imposition of a constructive trust, to avoid the obviously inequitable result that would obtain if Kay Russell received the proceeds of the decedent's insurance contrary to the agreement embodied in the divorce decree.  The governing authority is *Sweebe v. Sweebe*, 712 N.W.2d 708 (Mich. 2006).  In *Sweebe*, the Michigan Supreme Court held that "while a plan administrator must pay benefits to the named beneficiary as required by ERISA, this does not mean that the named beneficiary cannot waive her interest in retaining those proceeds.  Once the proceeds are distributed, the consensual terms of a prior contractual agreement may prevent the named beneficiary from retaining those proceeds." 712 N.W.2d at 712.  The *Sweebe*

court held that a previous divorce decree extinguished any interest of the former spouse in life insurance proceeds, which belonged in equity to the decedent's estate. *Id.* at 713. In the present case as well, the divorce decree extinguished any right that Kay Russell may have had to the proceeds of the Metropolitan Life insurance policy, and principles of equity require the imposition of a constructive trust to prevent a patently unfair result.

To ensure that the fiduciary obligations of Metropolitan Life are discharged in accordance with the requirements of ERISA, Metropolitan Life will be ordered to pay the proceeds of the decedent's life insurance policy into the registry of the court for the benefit of defendant Kay Russell. As Kay Russell is now in default, a constructive trust will be imposed upon those proceeds on behalf of Kimberly Hillman, personal representative of the decedent's estate. If no claim is made against the proceeds within 21 days of their deposit into the court's registry, the proceeds will be released in their entirety to plaintiff and Metropolitan Life will be discharged of all liability under the policy.

Dated:  April 10, 2008                     /s/  Joseph G. Scoville
                                           United States Magistrate Judge